IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JOSEPH LEE, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MAGICK TOUCH, INC. and | : | |
| MICHAEL RAMPEY, | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

Plaintiff Joseph Lee ("Lee") brings this Complaint against Defendants Magick Touch, Inc. ("Magick") and Michael Rampey ("Rampey") and shows the Court as follows:

**A.   Introduction**

1.

This is wage and hour case. Lee is a former employee of Defendants. He brings this action because Defendants' failed to pay Lee at or above the minimum wage for each hour he worked and further failed to compensate him at one-and-one half times his regular rate for all work performed over forty (40) hours during each work week of his employment in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

2.

In addition to his federal causes of action, Lee asserts pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

**B.    Jurisdiction and Venue**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Middle District of Georgia under 28 U.S.C. § 1391 because Magick is located in Loganville, Georgia, within this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**C.    The Parties**

5.

Lee resides in Henry County, Georgia.

6.

Magick employed Lee as a road service technician in and around Loganville, Georgia from approximately November 21, 2016 through June 16, 2017 (hereafter "the Relevant Time Period").

7.

At all times material hereto, Lee has been an "employee" of Magick as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

8.

Magick is a domestic profit corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, Magick was an "employer" of Lee as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

Magick is subject to the personal jurisdiction of this Court.

11.

Magick may be served with process through its registered agent Michael Rampey at 1012 Monticello Drive, Monroe, Georgia 30655.

12.

At all times material hereto, Lee was an "employee" of Rampey as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

13.

Rampey resides in Walton County, Georgia.

14.

At all times material hereto, Rampey was an "employer" of Lee as defined in FLSA § 3(d), 29 U.S.C. §203(d).

15.

Rampey is subject to the personal jurisdiction of this Court.

16.

Rampey may be served with process at his residence located at 1012 Monticello Drive, Monroe, Georgia 30655 or wherever he may be located.

**D.      Enterprise Coverage:**

17.

At all times during the Relevant Time Period, Magick was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

18.

Specifically, at all times material hereto, Magick employed two or more persons who regularly provided road side services for AAA customers on Interstate and U.S. highways, thereby providing for the free flow of traffic on the national highway system.

19.

During 2016, Magick had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During the Relevant Time Period, Lee and other employees of Magick handled goods which moved in interstate commerce in the furtherance of the commercial purpose of Magick including trucks, gasoline, engine oil, uniforms, and cellular phones.

21.

During 2016, Magick had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2016, Magick had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

At all times during the Relevant Time Period, Magick has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

### E.   Statutory Employer

24.

At all times during the Relevant Time Period, Rampey exercised operational control over the Lee's work activities.

25.

At all times during the Relevant Time Period, Rampey was involved in the day to day operation of the Magick in which Lee worked.

26.

At all times during the Relevant Time Period, Magick vested Rampey with supervisory authority over Lee.

27.

At all times during the Relevant Time Period, Rampey exercised supervisory authority over Lee.

28.

At all times during the Relevant Time Period, Rampey scheduled Lee's working hours or supervised the scheduling of Lee's working hours.

29.

At all times during the Relevant Time Period, Rampey exercised authority and supervision over Lee's compensation.

### F.     Lack of Exemption

30.

At all times material hereto, Lee was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

31.

At all times during the Relevant Time Period, Lee was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

32.

At all times during the Relevant Time Period, Magick did not employ Lee in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

33.

At all times during the Relevant Time Period, Magick did not employ Lee in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

34.

At all times during the Relevant Time Period, Magick did not employ Lee in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

35.

At all times during the Relevant Time Period, Lee did not supervise two or more employees.

36.

At all times during the Relevant Time Period, Magick did not employ Lee in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

37.

At all times during the Relevant Time Period, Lee's primary duties consisted of changing car batteries, changing flat tires, unlocking Defendants' customers' locked cars and providing gas to Defendants' customers.

38.

At all times material hereto, Lee was not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)(1)).

39.

At all times material hereto, Lee's work for Defendants did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

40.

At all times material hereto, Lee operated a Chrystler Town and Country van in his performance of work on behalf of Defendants.

41.

During all times material hereto, Lee did not operate trucks with a gross vehicle weight rating (GVWR) greater than 10,000 pounds.

42.

At all times material hereto, Magick was not an operator within the purview of the Motor Carrier Act (49 U.S.C.A. § 3102).

43.

At all times material hereto, Lee did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

44.

At all times material hereto, Lee never left the State of Georgia to provide services for Defendants' customers.

G.   **Additional Factual Allegations**

45.

At all times during the Relevant Time Period, Defendants compensated Lee the greater of $8.00 per hour or $12.00 per call.

46.

During the Relevant Time Period, Defendants regularly compensated Lee at $12.00 per call because Lee usually handled several calls during each working hour.

47.

During the Relevant Time Period, Defendants also compensated Lee at a rate of $10.00 for each car battery he sold to Defendants' customers. The payments were

made to Lee via a personal check and beginning in 2017, included on Lee's regular pay check.

48.

During the Relevant Time Period, Defendants normally scheduled Lee to work six (6) days during each work, week.

49.

During the Relevant Time Period, Lee worked 12-13 hours during each work shift.

50.

During the Relevant Time Period, Lee regularly worked 72-84 hours during each work week.

51.

Section 6 of the FLSA (29 U.S.C. § 206) requires that Defendants compensate Plaintiff at a rate of no less than $7.25 per hour for every hour worked in a work week.

52.

Section 7 of the FLSA, 29 U.S.C. § 207, requires that Defendants compensate Lee at a rate of one and one half times his regular rate for all time worked in excess of forty (40) hours in a work week.

53.

Defendants knew or should have known that the Section 6 of the FLSA requires that Defendants compensate Lee at a rate of at least $7.25 per hour for every hour worked in a work week.

54.

During the Relevant Period, Defendants withheld Lee's last pay check in the amount of approximately $1,000.00 thereby bringing his wages below the statutory minimum wage during that pay period.

55.

During the Relevant Period, Rampey advised Lee that he was withholding his last pay check to cover the deductible for damage to Defendants' vehicle that occurred when Lee was operating Defendants' van and a tire fell off.

56.

During the Relevant Time Period, Defendants willfully failed to compensate Lee at a rate of $7.25 per hour for each hour he worked during his last week of employment.

57.

Defendants knew or should have known that the Lee was entitled to FLSA overtime protections.

58.

Defendants knew or should have known that the Section 7 of the FLSA requires that Defendants compensate Lee a premium for all time worked in excess of forty hours in a given workweek.

59.

At all times during the Relevant Time Period, Lee regularly worked more than forty (40) hours in a given workweek.

60.

At all times material hereto all of Lee's working efforts were directed at serving Defendants' customers.

61.

During the Relevant Time Period, Defendants provided Lee with all tools, equipment and other materials necessary for Lee to perform his job as a road service technician, including the van.

62.

During the Relevant Period, Defendants failed to pay Lee at one-and-one-half times this regular rate for time worked in excess of forty (40) hours in any and all workweeks.

## COUNT I — FAILURE TO PAY MINIMUM WAGE

63.

The allegations in the previous paragraphs are incorporated by reference as if fully set out in this paragraph.

64.

At all times material hereto, Lee has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

65.

Defendants failed to pay Lee any wages for the pay period from June 12, 2017 through June 18, 2017.

66.

From on or about June 12, 2017 through June 16, 2017, Defendants failed to compensate Lee at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

67.

From on or about June 12, 2017 through June 16, 2017, Defendants willfully failed to compensate Lee at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

68.

Lee is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

69.

As a result of the underpayment of minimum wages as alleged above, Lee is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

70.

As a result of the underpayment of minimum wages, Defendants are liable to Lee for his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II - FAILURE TO PAY OVERTIME

71.

The allegations in the previous paragraphs are incorporated by reference as if fully set out in this paragraph.

72.

At all times during the Relevant Time Period, Lee has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

73.

At all times during the Relevant Time Period, Lee regularly worked in Defendants' employ in excess of forty (40) hours during each work week.

74.

At all times during the Relevant Time Period, Defendants failed to pay Lee at one and one half times his regular rate for time worked in excess of forty (40) hours during each work week.

75.

Defendants willfully failed to pay Lee at one and one half times his regular rate for work in excess of forty (40) hours in any week from November 21, 2016 through June 16, 2017.

76.

Lee is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

77.

As a result of the underpayment of overtime compensation as alleged above, Lee is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

78.

As a result of the underpayment of overtime compensation as alleged above, Lee is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT IV - BREACH OF CONTRACT

79.

The allegations in all previous paragraphs are incorporated by reference as if fully set herein.

80.

Lee and Magick were parties to a contract of employment (hereafter "the Contract") from on or about November 21, 2016 through June 16, 2017.

81.

The Contract provided that Magick would pay Lee for work that was performed by Lee on behalf of and for the benefit of Defendant.

82.

Defendant's failure to pay Lee for work performed for his last week of work from on or about June 12, 2017 through June 16, 2017 constitutes a material breach of the Contract.

83.

As the direct and foreseeable result of this breach, Lee has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT V – QUANTUM MERUIT

84.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

85.

From on or about June 12, 2017 through June 16, 2017, Lee served as a road service technician for Magick.

86.

Lee's service as a road service technician for Magick as described above was valuable to it.

87.

Magick requested Lee's service as a road service technician.

88.

Magick knowingly accepted Lee's service as a road service technician.

89.

The receipt of Lee's services as a road service technician for Magick without compensation would be unjust.

90.

Lee expected to be compensated at the time he provided his services as a road service technician.

91.

Lee is entitled to a recover from Magick the reasonable value of the services he provided as a road service technician for Magick during his last week of employment, in an amount to be determined at trial.

### COUNT VI - PROMISSORY ESTOPPEL

92.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

93.

On November 21, 2016, Magick promised to pay Lee in return for Lee's service as a road service technician.

94.

Magick should have reasonably expected that Lee would induce action in reliance of said promise, i.e., serve as a road service technician for Defendant.

95.

Magick's promise induced Lee to act in reliance thereof, i.e., to serve as a road service technician for it, to his detriment.

96.

Lee's service as a road service technician for Magick conferred a benefit on it.

97.

Magick failed to pay Lee in accordance with its promise.

98.

Lee relied on Defendant's promise.

99.

Lee's reliance on Defendant's promise was reasonable.

100.

Injustice can only be avoided by enforcement of Defendant's promise.

101.

Lee is entitled to a recover from Magick the reasonable value of the services he provided as a road service technician for Defendant during his last week of employment, in an amount to be determined at trial.

WHEREFORE, Lee respectfully prays:

1. That Plaintiff be awarded an amount to be determined at trial against Defendants jointly and severally, in unpaid minimum wage, plus an additional like amount in liquidated damages;
2. That he be awarded due but unpaid overtime compensation in an amount to be determined at trial against Defendants, jointly and severally, plus an additional like amount in liquidated damages;
3. That he have and recover judgment against Defendants for the pendent State law claims herein asserted in amounts to be proven at trial;

4. That he be awarded his costs of litigation, including his reasonable attorneys' fees from Defendants, jointly and severally; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

|  |  |
|---|---|
|  | **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC** |
| 3100 CENTENNIAL TOWER | |
| 101 MARIETTA STREET | /S/CHARLES R. BRIDGERS |
| ATLANTA, GEORGIA 30303 | CHARLES R. BRIDGERS |
| (404) 979-3150 | GA. BAR NO. 080791 |
| (404) 979-3170 (f) | |
| kevin.fitzpatrick@dcbflegal.com | /S/ KEVIN D. FITZPATRICK, JR. |
| charlesbridgers@dcbflegal.com | KEVIN D. FITZPATRICK, JR. |
| | GA. BAR NO. 262375 |
| | |
| | **THE LAW OFFICE OF BENJAMIN B. KANDY, LLC** |
| 534 MEDLOCK ROAD | s/ BENJAMIN B. KANDY |
| SUITE 109 | BENJAMIN B. KANDY |
| DECATUR, GEORGIA 30030 | GA. BAR NO. 765357 |
| (678) 824-2251 | |
| | **COUNSEL FOR PLAINTIFF** |